UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2012 NOV -2 A 8: 53

| | |
|---|---|
| SUSAN E. HIMES ) | Civil Action No: 1:12-cv-321-PB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CLIENT SERVICES INC. ) | |
| LAW OFFICES HOWARD ) | |
| LEE SCHIFF ) | |
| ADAM OLSHAN ESQ. ) | |
| DAVID FLORIO ESQ. ) | TRIAL BY JURY DEMANDED |
| ) | |
| Defendants. ) | |

**FIRST AMMENDED COMPLAINT FOR VIOLATIONS OF THE FDCPA, TCPA, RSA**

**JURISDICTION**

1. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331.

2. All conditions precedent to the bringing of this action have been performed.

**PARTIES**

3. Plaintiff, Susan E. Himes, 18 Marshall St. Apt. 2, Milford, NH 03055.  Hillsborough County.  Plaintiff is a "consumer" within the meaning of the FDCPA 15 U.S.C. § 1692a(3)

4. Defendant, Client Services, Inc. hereafter ("CS") is a business entity with an address of 3451 Harry Truman Blvd., St Charles, MO 63301 operating as a collection agency, and is a "debt collector," as the term is defined by 15 U.S.C.§ 1692a(6).  CS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts,

and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

5. Defendant, Law Offices Howard Lee Schiff, P.C., hereafter ("Law Offices") is a business entity with an address of 510 Tolland St., P.O. Box 280245, East Hartford, CT. 06128 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C § 1692a(6). Law Offices uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

6. Defendant, Adam Olshan Esq. #13037 is an attorney with a business address of 510 Tolland St., P.O. Box 280245, East Hartford, CT. 06128 operating as a debt collector, and is a "debt collector" as the term is defined by 15 U.S. C. § 1692a(6). Adam Olshan Esq. uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

7. Defendant, David Florio Esq. #18515 is an attorney with a business address of 154 Broad St., Suite 1536, Nashua, NH 03063 operating as a debt collector, and is a "debt collector" as the term is defined by 15 U.S. C. § 1692a(6). David Florio Esq. uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## VENUE

8. The occurrences which give rise to this action occurred in Hillsborough County, New Hampshire. Plaintiff resides in Hillsborough County. The venue is proper in the United

States District Court of New Hampshire, pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff received a collection notice from Defendant, CS, on March 15, 2012. CS Was attempting to collect an **alleged balance of $1002.71**, on an **account Number #00000000147** stating that Target National Bank was the original creditor.

10. Plaintiff sent a response to CS on March 29, 2012, disputing the alleged debt and demanded CS cease and desist from any further collection activities until they **validated** the alleged debt. Plaintiff's response to CS was sent within the required 30 days of receiving CS's first communication pursuant to the FDCPA. At no time did Plaintiff receive any response to her demand for **validation**.

11. The validation demand made by the Plaintiff was sent by certified mail #70112000000015646225 and received by CS on April 2, 2012 according to USPS records. There was no further communication with CS in regard to the collection of the alleged debt for Target National Bank. Plaintiff never received any response to her demand for validation.

12. On May 19, 2012 Plaintiff received a collection notice from Law Offices attempting to collect the same debt alleged to be owed to Target National Bank showing a different **account number CN:#W70803** in the **amount of $1089.95**. The amount that Law Office was attempting to collect for the same **alleged debt was almost 10 percent more** than the amount stated to be owed by CS just several weeks earlier and with a completely different account number.

13. Plaintiff sent a demand for validation within 30 days to Law Offices on May 23, 2012 by certified mail #70112000000156470275 which was received by them on May 29, 2012 according to USPS records.

14. On June 4, 2012 Plaintiff received a response from Law Offices which included what

appeared to be a copy of an alleged digital statement which did not in any way show how the amount of the alleged debt owed had changed from the previous amount demanded by CS to the new and higher amount currently being demanded. There was no copy of any contract or accounting of the alleged debt and validation of the alleged debt was not provided in any form.

15. On July 24, 2012, Plaintiff was served with a Small Claims Complaint that was filed by Law Offices stating that they were representing Target National Bank as Plaintiff. The complaint was filed in the STATE OF NH, 9TH CIRCUIT-HILLSBOROUGH MILFORD DISTRICT DIVISION. The **account number** shown in the lawsuit, **#4352377599305461**, was completely different from either of the previous account numbers noted by CS and Law Offices in their collection demands and the **amount alleged to be due of $1054.95** was AGAIN wholly different from either of the previous demands made by CS and Law Offices prior to litigation.

16. The complaint shows Adam Olshan Esq. and David Florio Esq. acting as debt collectors as counsel of record for Law Offices in the litigation in small claims court.

17. The Defendants, CS, Law Offices, David Florio Esq., and Adam Olshan Esq. have all claimed to be representing Target National Bank and have continued collection activities on an alleged account with several different amounts alleged to be due and no factual accounting ledger or signed agreement by Plaintiff has been produced.

18. On August 8, 2012 at 12:48 p.m. and again on August 15, 2012 at 1:24 p.m., Law Offices called Plaintiff's wireless phone number 603-769-7450 from phone number 866-234-7606, using an automated dialer, which is a number known to be used by Law Office of Howard Lee Schiff in their debt collection activities. At no time did Plaintiff give Law Offices any consent and absolutely not her **express consent** to call her wireless phone number The calls

received from Law Offices to Plaintiff's wireless phone using an automated dialer were made **without** Plaintiff's **express consent** and were not for any emergency purpose.

19. All violations complained of herein occurred within the statute of limitations of the applicable statutes, both state and federal.

## COUNT I

### VIOLATIONS OF NEW HAMPSHIRE'S UNFAIR, DECEPTIVE OR UNREASONABLE COLLECTION PRACTICES ACT, 358-C *et seq.*

20. Plaintiff repeats and re-alleges each and every allegation stated above.

21. The Plaintiff is a consumer as defined by RSA 358-C:1, I.

22. The Defendants are debt collectors as defined by RSA 358-C:1 VIII(a)(b)(c).

23. The Defendants' conduct violated RSA 358-C:3 VII, VIII, X, in that all Defendants falsely represented the character, extent or amount of the debt or its status in any legal proceeding by attempting to collect various amounts at various times from the Plaintiff for the same alleged account, as well as fees or other charges not legally added to any existing obligation that was expressed in the authorized agreement and legally charged to the alleged debtor.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

25. Pursuant to RSA 358-C:4, the Plaintiff is entitled to statutory damages in the amount of $200 for each violation of RSA 358-C:3, reasonable attorney's fees and costs, if any, as well as statutory damages proximately caused by the violation of RSA 358-C:4(b) against each and every Defendant.

## COUNT II

### VIOATIONS OF NEW HAMPSHIRE'S REGULATIONS OF BUSINESS PRACTICES FOR CONSUMER PROTECTION ACT, 358-A:10 et seq.

26. Plaintiff repeats and re-alleges each and every allegation stated above.

27. RSA 358-C:4, VI provides that violations of New Hampshire's Unfair Collection Practices Act, RSA 358-C, et seq. constitute an unfair and deceptive act or practice under RSA 358-A:2.

28. The above violations of RSA 358-C are each violations of RSA 358-A:2 by statute.

29. Pursuant to RSA 358-A:10 the Plaintiff is entitled to statutory damages of up to $3000, plus costs for each violation of RSA 358-C.

## COUNT III

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

30. Plaintiff repeats and re-alleges each and every allegation stated above.

31. Defendant CS violated the FDCPA 15 U.S.C. § 1692(g)b when it sold, assigned or passed on the alleged account to other "debt collectors" without providing validation to the Plaintiff after a timely request was made after the initial communication.

32. Defendants CS, Law Offices, David Florio Esq. and Adam Olshan Esq. violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the alleged debt.

33. Defendants CS, Law Offices, David Florio Esq. and Adam Olshan Esq. violated 15 U.S.C. § 1692e(10) by making a false representation of the alleged debt and using a deceptive means to collect the debt or obtain information about a consumer.

34. Defendants CS, Law Offices, David Florio Esq. and Adam Olshan Esq. violated 15 U.S.C. § 1692f(1) by attempting to collect various amounts (including any interest, fee, charge,

or expense incidental to the principal obligation) that was not expressly authorized by the agreement creating the debt or permitted by law.

35. Defendants Law Offices, David Florio Esq. and Adam Olshan Esq. violated 15 U.S.C. § 1692g(b) by not ceasing collections after being notified in writing within thirty days of the alleged debt being disputed.

### COUNT IV
### VIOLATIONS OF THE TCPA 47 U.S.C. § 277 et seq.

36. Plaintiff repeats and re-alleges each and every allegation stated above.

37. Defendant, Law Offices violated 47 U.S.C § 227(b)(1)(A)(iii) by willfully calling Plaintiff's wireless phone using an automated dialer on August 8, 2012 at 12:48 p.m. and again on August 15, 2012 at 1:24 p.m. without Plaintiff's express consent to do so. The calls were not made for an emergency purpose and were made from a number which is known to be used by Law Office of Howard Lee Schiff in their debt collection activities.

38. Plaintiff is entitled to damages pursuant to 47 U.S.C § 227(b)(3)(B)(C) for the willful violations of the TCPA by Defendant, Law Office, in calling the Plaintiff on her wireless phone with an automated dialer and without her express consent.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

A. Adjudging all Defendants violated N.H. Fair Debt Laws RSA 358-C:3, VII,VIII, and X.

B. Awarding Plaintiff statutory damages pursuant to RSA 358-C: 4 I(a), in the amount of $200.00 **from each Defendant**. In addition, any, actual damages proximately

caused by any judgment in small claims court, RSA 358-C: 4 I(b).

C. Adjudging all Defendants violated N.H Regulation of Business Practices for Consumer Protection Act. RSA 358-A:10, et seq.

D. Awarding Plaintiff statutory damages pursuant to RSA 358-A:10, of $3000 plus any costs for each violation of RSA 358-C **from each Defendant**.

E. Adjudging all Defendants violated the FDCPA, 15 U.S.C. § 1692 et seq.

F. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(a) in the amount of $1000 **from each Defendant**.

G. Adjudging that Defendant Law Offices violated TCPA 47 U.S.C. § 227.

H. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) in the amount of $500 for the first violation and $1500 for the second knowing and willful violation.

I. Awarding Plaintiff any attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3), RSA 358-C:4 and RSA 358-A:10

J. Awarding Plaintiff any post judgment interest as may be allowed under the law.

K. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: November 2, 2012

Respectfully submitted,

*Susan E. Himes Pro Se*
Susan E Himes Pro Se
18 Marshall St. Apt. 2
Milford, NH 03055
603-769-7450
susanehimes@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: November 2, 2012

Respectfully Submitted,

Susan E. Himes Pro Se
18 Marshall St #2
Milford, NH 03055
603-769-7450
susanehimes@yahoo.com

Susan J. Stromberg Esq.
Milber, Makris, Plousadis & Seiden, LLP
1000 Woodbury Road
Woodbury, New York 11797
516-712-4000 ext. 103
516-712-4013 fax
sstromberg@milbermakris.com
(Pro Hac Vice for Client Services, Inc.)

Adam J. Chandler
Vrountas, Ayer & Chandler, P.C.
250 Commercial St., Ste. 4004
Manchester, NH 03101
(Counsel for Client Services Inc.)

Christopher T. Vrountas
Vrountas, Ayer & Chandler, P.C.
250 Commercial St., Ste. 4004
Manchester, NH 03101
(Counsel for Client Services Inc.)

Karen J. Wisniowski
Howard Lee Schiff Law Offices PC
510 Tolland Street
East Hartford, CT. 06108
(Counsel for Law Offices Howard Lee Schiff, PC, Adam Olshan Esq. and David Florio Esq.)