```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Susan E. Himes

    v.                                 Case No. 12-cv-321-PB
                                                            Opinion No. 2013 DNH 060

Client Services, Inc.


## MEMORANDUM AND ORDER

    This case arises from an attempt by Client Services, Inc., to collect a debt from Susan Himes.  Himes claims that Client Services, a debt collection agency, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act ("UDUCPA"), N.H. Rev. Stat. Ann. § 358-C:3, by sending her a misleading letter seeking to collect the debt and then transferring her debt to another debt collector without honoring her request for validation of the debt.  Himes also claims that Client Services' conduct violated the New Hampshire Consumer Protection Act ("CPA"), N.H. Rev. Stat. Ann. § 358-A:2.  Presently before the court is Client Services' motion to dismiss all claims.

## I.   BACKGROUND

Himes received a notice from Client Services on March 15, 2012, seeking to collect a balance of $1,002.71 that Himes allegedly owed on her account with Target National Bank.  The notice identified Client Services as a debt collection agency and stated that Target National Bank had referred her unpaid account to Client Services for collection.  The letter noted her Target account number and a reference number.  It also contained the following notice:

> This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, that the debt, or any portion thereof[,] is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you [make a] request [to] this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Doc. No. 31-3.  On March 29, 2012, Himes responded to Client Services by disputing the claim and requesting validation.  Doc. No. 31-4 ("This is NOT a request for "verification" or proof of my mail address, but a request for VALIDATION made pursuant to the above named Title and Section.  I respectfully request that

2

your offices provide me with competent evidence that I have any legal obligation to pay you.") (emphasis in original).  Among other requests, Himes asked to Client Services "[e]xplain and show me how you specifically calculated the entire amount of what you say I owe" and "[p]rovide me with copies of any and all papers that show I agreed to pay what you say I owe."  Id.

Client Services did not respond to Himes' request for validation of the debt.  Instead, Himes alleges that Client Services then "sold, assigned or passed on the alleged account to other 'debt collectors' without providing validation . . . ."  Doc. No. 26-1.

## II.  STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must make factual allegations sufficient to "state a claim for relief that is plausible on its face."  See Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citations omitted).

In deciding a motion to dismiss, I employ a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). First, I screen the complaint for "statements . . . that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, quotations, and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. Second, I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal" conduct. Twombly, 550 U.S. at 556. The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

## III.  ANALYSIS

### A.  Unfair Debt Collection Practice Claims

To recover under either the FDCPA or New Hampshire's UDUCPA, plaintiff must show that: "(1) [she has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the [Act]." Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 124 (D.N.H. 2012).

Himes argues that Client Services used false representations or deceptive means to collect or attempt to collect her debt in violation of the FDCPA and UDUCPA. Doc. No. 26-1. See § 15 U.S.C. § 1692, *et seq.*; N.H. Rev. Stat. Ann. § 358-C. Under New Hampshire law, "[n]o debt collector shall collect or attempt to collect a debt in an unfair, deceptive or unreasonable manner as defined in [RSA 358-C]." N.H. Rev. Stat. Ann. § 358-C:2.

> In general terms, RSA 358-C prohibits certain oral or written communications with a debtor, threats to use force or violence, threats to take unlawful actions, communications and threats to communicate to others that the debt exists, direct communications with a represented debtor, communications through simulated forms, material false representations about the debt

5

or its status in a legal proceeding, representations that the debt may be or will be increased, collection or attempts to collect certain charges, threats of arrest, and threats to assign or sell an account with certain repercussions.

Fogle v. Wilmington Fin., 08-CV-388-JD, 2011 WL 90229, at *2 (D.N.H. Jan. 11, 2011). Himes' specific allegations arise under RSA 358-C:3, VII, VIII, and X, which provide that an effort to collect a debt

shall be deemed unfair, deceptive or unreasonable if the debt collector: . . . VII. Makes any material false representation or implication of the character, extent or amount of the debt, or of its status in any legal proceeding; or VIII. Makes any representation that an existing obligation may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not be legally added to the existing obligation; or . . . X. Collects or attempts to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor; provided that the foregoing shall not prohibit a debt collector from attempting to collect court costs in a judicial proceeding . . . .

N.H. Rev. Stat. Ann. § 358-C:3.

Himes, however, does not identify a false representation made in the letter or explain how or why the letter's contents misled her. Client Services' letter contains the language required by the FDCPA. See 15 U.S.C. § 1692g(a). Nothing about

it was abusive, harassing, or deceptive.  Additionally, Himes does not allege that Client Services made any false representations about the character, extent, amount, or status of her debt.  See Fogle, 2011 WL 90229, at *3.  Himes also fails to allege that Client Services improperly added any fees to her debt.  Thus, the letter was not a prohibited act or omission under the UDUCPA.

Himes has failed to adequately demonstrate that Client Services violated the FDCPA or UDUCPA by failing to respond to her request to validate the debt or by transferring her debt to another debt collector.  The UDUCPA does not have a validation requirement.  "Section 1692g(b) [of the FDCPA] gives debt collectors two options when they receive requests for validation.  They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities."  Jang v. A.M. Miller & Associates, 122 F.3d 480, 483 (7th Cir. 1997) (citing Smith v. Transworld Sys., Inc., 953 F.2d 1026, 20131 (6th Cir. 1992)).  A mere failure to respond to a request to validate a debt, however, does not violate the FDCPA.  See id.

Himes does not cite any case law or other authority to support the proposition that transferring a debt constitutes

7

debt collection.  Nor does she argue that Client Services is vicariously liable for any collection actions that occurred after it transferred the debt.  Doc. No. 26-1.  Debt collection activities that violate the § 1692g(b) include sending a lien to the clerk of court after a consumer disputed a debt, Loigman v. Kings Landing Condo. Ass'n, 734 A.2d 367, 369–70 (N.J. Super. Ct. Ch. Div. 1999), and commencing litigation to compel payment of a debt.  Garcia-Contreras v. Brock & Scott, P.L.L.C., 775 F. Supp. 2d 808, 825 (M.D.N.C. 2011).  Himes does not provide, and I am unable to find, any support for the proposition that transferring the debt is "collection of the debt."

**B.   Consumer Protection Act Claims**

Himes also fails to assert a claim under the New Hampshire CPA.  Section 358-A:2 of the CPA provides that "[i]t shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state."  N.H. Rev. Stat. Ann. § 358-A:2.  The statute provides a nonexhaustive list of prohibited acts and practices.  Id.  To determine whether conduct not enumerated in the statute is prohibited by the CPA, New Hampshire courts apply "the rascality test" and ask whether the conduct "attain[s] a level of rascality that would raise an

8

eyebrow of someone inured to the rough and tumble of the world of commerce." State v. Sideris, 157 N.H. 258, 263 (2008). Himes's claims under the CPA are based on Client Services' alleged violations of the FDCPA and UDUCPA. Himes claims that Client Services violated the CPA by falsely representing the "character, extent or amount of the debt or its status" and failing to validate the debt. Doc. No. 26-1. Himes does not show how Client Services misrepresented the debt, and a failure to validate the debt is not a violation of the CPA. Client Services' conduct also does not meet the rascality test. See Sideris, 157 N.H. at 263. Accordingly, Himes fails to state a claim for violation of the CPA.

As Himes notes, "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Doc. No. 32 (quoting 15 U.S.C. § 1692(a)). Client Service's conduct as alleged in Himes's complaint, however, does not come close to being abusive, deceptive, or unfair. Client Services sent one letter and allegedly transferred the debt to another debt collector. Himes's allegations are insufficient to state a claim for violation of the FDCPA, the New Hampshire CPA, or the New Hampshire UDUCPA.

9

## V. CONCLUSION

For the aforementioned reasons, I grant defendants' motion to dismiss (Doc. No. 31).

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 22, 2013

cc:   Susan E. Himes, pro se
      Adam J. Chandler, Esq.
      Christopher T. Vrountas, Esq.
      Susan J. Stromberg, Esq.
      Karen Wisniowski, Esq.